IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Norvell Ewing, III,

        Plaintiff,

v.                          Case No. 1:21-cv-2528-MLB

United States of America and
Nierica A. Brooks,

        Defendants.

_____/

**OPINION & ORDER**

Plaintiff Norvell Ewing sued Defendants United States of America and Nierica A. Brooks for injuries he allegedly suffered in a car accident. (Dkt. 1.) Plaintiff and Defendants jointly move to consolidate this case with another case currently pending before this Court—Case 1:20-cv-05275-MLB ("Brooks Action")—which arises out of the same facts and circumstances. (Dkt. 39.) The Court grants that motion.

## I.  Background

Defendant Brooks filed the Brooks Action in the Atlanta Division of the Northern District of Georgia on December 30, 2020. (Brooks Action

Dkt. 1.) She sued Defendant United States of America under the Federal Tort Claims Act, alleging she suffered personal injuries when a Navy employee (driving a truck belonging to the United States Navy) ran into her vehicle. (*Id.* ¶¶ 6–17.) On February 22, 2021, Plaintiff filed this action in the United States District Court for the District of Maryland. (Ewing Action Dkt. 1.) He says he was a passenger in Plaintiff's car at the time of the accident and blames both the Navy and Defendant Brooks for injuries he allegedly suffered. (*Id.* ¶¶ 8-13; 17–20.) On June 9, 2021, Defendant Brooks filed a notice of intent to file a motion, requesting leave to a file a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue. (Ewing Action Dkt. 16.) Plaintiff's counsel consented to the transfer, and the matter was transferred to this Court on June 22, 2021. (Ewing Dkt. 19.)

## II.   Standard of Review

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs seek consolidation of two cases pending in this district. That rule states:

> If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;

      (2) consolidate the actions; or

      (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). The rule "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotation marks omitted). The decision to consolidate cases is committed to the sound discretion of the trial court. *See id.* (Rule 42(a) "is permissive and vests a purely discretionary power in the district court" (quotations omitted)); *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) ("A district court's decision under Rule 42(a) is purely discretionary."). The discretion, however, is not without limits. As the test of Rule 42(a) makes clear, a trial court may consolidate cases only when (1) the actions involve a common question of law or fact and (2) they are pending before the same court. *See* Fed. R. Civ. P. 42(a); *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765–66 (11th Cir. 1995) ("The proper solution to problems created by the existence of two or more cases involving the same court would be to consolidate them under Rule 42(a)"); *In re Consol. Parlodel Lit.*, 182 F.R.D. 441, 444 (D.N.J. 1998) ("A common

question of law or fact shared by all of the cases is a prerequisite for consolidation.").

When the common question of law or fact requirement has been satisfied, trial courts in the Eleventh Circuit are "encouraged . . . to 'make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.' " *Hendrix*, 776 F.2d at 1495 (quoting *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966)). But, "the mere existence of these common issues, although a prerequisite to consolidation, does not mandate a joint trial." *Cedars-Sinai Med. Ctr. v. Revlon, Inc.*, 111 F.R.D. 24, 32 (D. Del. 1986). Rather, in determining whether consolidation is appropriate, the court must assess several issues, including

> whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495 (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

Even though consolidation may enhance judicial efficiency, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). "The party seeking consolidation bears the burden of establishing that consolidation under Rule 42(a) is appropriate." *Halo Wireless, Inc. v. TDS Telecomm. Corp.*, Nos. 2:11-CV-158, 1:11-CV-2749, 2012 WL 246393, at *3 (N.D. Ga. Jan. 26, 2012).

### III.  Discussion

Both cases arise out of the same accident, involve the same parties, and pose similar questions of law and fact.  Consolidation will economize both judicial resources and the resources of the parties.  The parties also do not object to the consolidation of the two actions, and the Court finds no possible prejudice or confusion from consolidation, partly because neither action has had any substantial proceedings thus far.  In the interests of efficiency, judicial economy, and to avoid unnecessary costs and undue delay, the Court grants the parties motion to consolidate the Brooks Action and Ewing Action.  *See Walker v. Countrywide Home Loans Servs., Inc.*, No. 1:17-CV-3052, 2017 WL 5712296, at *2 (N.D. Ga. Nov. 1, 2017) ("I agree with Defendants that consolidation of Walker I

and Walker II is appropriate, because it is clear from the face of both Complaints that the actions raise identical claims and arise out of the same occurrence."), *report and recommendation adopted by* 2017 WL 5710449.

## IV. Conclusion

The Court **GRANTS** the parties' Joint Motion to Consolidate. (Dkt. 39.) The Court **DIRECTS** the Clerk to (1) file this Order in Civil Action Nos. 1:20-cv-05275-MLB and 1:21-cv-2528-MLB; (2) administratively close action 1:20-cv-05275-MLB; and (3) consolidate civil action 1:20-cv-05275-MLB with 1:21-cv-2528-MLB because all three parties are in this case.

**SO ORDERED** this 23rd day of November, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE